UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH REAGAN CARTER-MADDOX,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY, et al.,<br><br>Defendants. | No.  1:23-cv-01632 GSA (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO APPOINT DISTRICT JUDGE TO THIS MATTER<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING DISMISSAL OF CASE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATIONS DUE **DECEMBER 14, 2023** |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  For the reasons set below, it will be recommended that this matter be dismissed for failure to exhaust administrative remedies.

I.  PLAINTIFF'S COMPLAINT

A.  Plaintiff's Claims

Plaintiff's complaint names the California Substance Abuse Treatment Facility ("CSATF") and the State of California as defendants in this action.  See ECF No. 1 at 1-2.  In it,

1

Plaintiff raises two claims:  an Eighth Amendment violation of his right safety and a violation of his rights under the Prison Rape Elimination Act ("PREA") when, on October 14, 2023, he was raped by another inmate after he had been improperly housed.  Id. at 3-4.

As a result of the rape, Plaintiff states that he has pain at the site of the assault; that he had to go to an outside clinic, and that he became mentally disturbed.  See ECF No. 1 at 3-4.  He seeks $3,000,000.00 in damages.  Id. at 5.

### B.  Administrative Remedies

In the complaint, Plaintiff states that administrative remedies are available to him at CSATF.  ECF No. 1 at 3-4.  However, Plaintiff also states that he did not submit a request for administrative relief on either claim, nor did he exhaust his administrative remedies prior to bringing this action.  Id.  Instead, Plaintiff states that he went through the PREA process.  Id.

## III.  EXHAUSTION REQUIREMENT

### A.  The Prison Litigation Reform Act

Because Plaintiff is a prisoner challenging the conditions of his confinement, his claims are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  The PLRA requires prisoners to exhaust available administrative remedies before bringing an action challenging prison conditions under Section 1983.  42 U.S.C. § 1997e(a); see Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)).  Section 1997e(a) states in relevant part:  "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Id.  "An action is 'brought' for purposes of exhaustion under § 1997e(a) when the complaint is tendered to the district clerk, and not when it is subsequently filed."[1]  Akhtar v. Mesa, 698 F.3d 1202, 1210 (9th Cir. 2012) (brackets omitted) (internal quotation marks omitted) (quotation omitted); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006).

---

[1] A complaint is "filed" when in forma pauperis status is granted or all required fees are paid and the matter is screened.  See Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004); see also O'Neal v. Price, 531 F.3d 1146, 1151 (9th Cir. 2008) (stating complaint filed only after district court identifies cognizable claims).

B. California Regulations Governing Exhaustion of Administrative Remedies

"The California prison system's requirements 'define the boundaries of proper exhaustion.' " Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) (quoting Jones v. Bock, 549 U.S. 199, 218 (2007)).  In order to exhaust, the prisoner is required to complete the administrative review process in accordance with all applicable procedural rules.  Woodford, 548 U.S. at 90.  "The California prison grievance system has three levels of review:  an inmate exhausts administrative remedies by obtaining a decision at each level."  Reyes v. Smith, 810 F.3d 654, 657 (9th Cir. 2016) (citation omitted); Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010)).

IV. DISCUSSION

Plaintiff alleges that his violations of right occurred in October 2023.  ECF No. 1 at 3-4.  He brought this action approximately one month later, in November 2023.  See id. at 5 (signature date of complaint).  In the complaint, Plaintiff states that CSATF has administrative remedies available at the institution.  Id. at 3-4.  Despite this fact, Plaintiff also clearly states that he did not submit requests for administrative relief at CSATF.  See id.  Thus, it is clear on its face that Plaintiff did not exhaust his administrative remedies prior to bringing this action in this Court.

Moreover, the sole excuse Plaintiff provides for not having exhausted the administrative remedies available to him at CSATF is that he availed himself of the PREA process at CSATF.  See ECF No. 1 at 3-4.  The PREA, 42 U.S.C. § 15601-15609, "authorizes the reporting of incidents of rape in prison, allocation of grants, and creation of a study commission.  It does not, however, give rise to a private cause of action."  See Porter v. Jennings, No. 1:10-cv-1811 AWI DLB PC, 2012 WL 1434986, at *1, (E.D. Cal. Apr. 25, 2012) (collecting cases); Law v. Whitson, No. 2:08-cv-0291-SPK, 2009 WL 5029564, at *4 (E.D. Cal. Dec. 15, 2009) (citations omitted); see generally Blessing v. Freestone, 520 U.S. 329, 340-41 (1997) (statutory provisions give rise to federal rights enforceable under Section 1983 only where they do so unambiguously and in mandatory terms).

In sum, the PREA is not an alternative grievance procedure, and it does not serve to exhaust administrative remedies.  Goff v. Arizona, 562 F. Supp. 3d 551, 566 (D. Ariz. 2020),

judgment entered, No. CV 17-01623 PHX JJT (DMF), 2021 WL 1031833 (D. Ariz. Feb. 9, 2021) (citations omitted). Consequently, Plaintiff's use of the PREA system is irrelevant with respect to the issue of exhaustion. Therefore, because Plaintiff has neither exhausted his claims prior to bringing this case, nor has he provided an acceptable excuse for not having done so, this matter must be dismissed. See Ross v. Blake, 578 U.S. 632, 639 (2016) ("[A] court may not excuse a failure to exhaust.") (citations omitted); Jones, 549 U.S. at 211 (stating unexhausted claims cannot be brought in court) (citation omitted).

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

IT IS FURTHER RECOMMENDED that this matter be DISMISSED without prejudice for failure to exhaust administrative remedies. See 42 U.S.C. § 1997e(a).

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations – by **December 14, 2023** – Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 30, 2023**               **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE