UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH REAGAN CARTER-MADDOX, | No. 1:23-cv-01632 NODJ GSA (PC) |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL |
| CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY, et al., | (ECF No. 11) |
| Defendants. | |

Plaintiff has requested the appointment of counsel. ECF No. 11. In support of the motion, Plaintiff states that he is an EOP inmate and that he reads and writes at a fifth-grade level. Id. Plaintiff also asserts that he has mental health issues. Id.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

When determining whether "exceptional circumstances" exist, the court must consider a plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d

1

965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.

Given that an order recommending that this matter be dismissed for failure to exhaust administrative remedies is currently pending (see ECF No. 8), this Court is unable to consider Plaintiff's complaint on its merits in order to determine any likelihood of success he might have should he be able to continue to prosecute it.  Furthermore, the fact that Plaintiff suffers with mental health issues is not determinative either.  A plaintiff who shows at least some ability to articulate his claims is typically not entitled to the appointment of counsel, regardless of mental or physical health problems.  See, e.g., Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (holding inmate with post-surgery pain not entitled to appointment of counsel due to good organization and clear presentation of case at trial); see generally Warren v. Harrison, 244 Fed. Appx. 831, 832 (9th Cir. 2007) (holding inmate alleging mental illness did not qualify for appointment of counsel due to competent presentation of claims and attachment of pertinent exhibits); Miller v. McDaniel, 124 Fed. Appx. 488, 490 (9th Cir. 2005) (holding inmate with mental health problems not entitled to appointment of counsel due to demonstration of ability to articulate claims pro se).

Finally, the Court notes for the record that to date Plaintiff has been able to clearly articulate his claims in the complaint.  See generally ECF No. 1.  He has also filed an application to proceed in forma pauperis (see ECF No. 2), which indicates that he has a general understanding of court proceedings and the need for the in forma pauperis application.  For these reasons, the Court finds at this time that Plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel (ECF No. 11) is DENIED.

IT IS SO ORDERED.

Dated:   **December 7, 2023**              /s/ Gary S. Austin
                                     UNITED STATES MAGISTRATE JUDGE